20-720-cv
Peralta v. City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-one.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*,
RACHEL P. KOVNER,
*Judge*.*

------------------------------------------------------------------

ANEURY PERALTA,

*Plaintiff-Appellant*,

v.                                                             No. 20-720

CITY OF NEW YORK, POLICE OFFICER STEVEN
GLINER, SHIELD NO. 26865,

---

\* Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellees,*

POLICE OFFICER SHAUN TABLANTE, SHIELD NO. 20199, SERGEANT JOHN FERRARA, SHIELD NO. 1746,

*Defendants.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     KENECHUKWU C. OKOLI, Law Offices of K.C. Okoli, P.C., New York, NY

FOR DEFENDANTS-APPELLEES:     DIANA LAWLESS (Richard Dearing, Deborah A. Brenner, Of Counsel, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Aneury Peralta appeals from the February 6, 2020 judgment of the District Court (Castel, <u>J.</u>) following a jury verdict in favor of Defendants-Appellees Officer Steven Gliner and the City of New York.  Peralta

2

challenges two aspects of the District Court's instructions to the jury relating to his malicious prosecution claim. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

Peralta first argues that the District Court erred in failing to instruct the jury that, as a matter of law for malicious prosecution purposes, (1) Officer Gliner had "initiated and/or continued the criminal prosecution of Peralta" and (2) Peralta's prosecution had ended in a "favorable termination." Appellant's Br. at 6. In essence, Peralta argues that he was entitled to judgment as a matter of law on these two elements of his malicious prosecution claim.

But Peralta failed to file a post-verdict motion pursuant to Federal Rule of Civil Procedure Rule 50(b).[1] As a result, we have no "power to direct the District Court to enter judgment contrary to the one it had permitted to stand" except "to

[1] Federal Rule of Civil Procedure 50(a) provides that a court may grant a motion for judgment as a matter of law before the case is submitted to the jury "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Rule 50(b), in turn, provides that, "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a)," then "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law."

prevent a manifest injustice in cases where a jury's verdict is wholly without legal support." Jacques v. DiMarzio, Inc., 386 F.3d 192, 199 (2d Cir. 2004) (cleaned up). There is no manifest injustice here. The trial evidence supported the jury's verdict in favor of the Defendants-Appellees as to the challenged elements of initiation and favorable termination. There was also evidence that the defendants acted with probable cause and without malice, which provided independent grounds for a verdict in their favor.

Peralta next argues that the District Court erred by instructing the jury that "[t]here is a presumption that prosecutors exercise independent judgment in deciding whether to initiate or continue a criminal proceeding." App'x 543. Peralta contends that the court should have instructed the jury that, as a matter of law, Officer Gliner initiated the prosecution regardless of the prosecutor's later actions. But Peralta's complaint about this instruction is essentially the same as his previous point, which we have already rejected because Peralta failed to move for judgment as a matter of law pursuant to Rule 50.

We have considered Peralta's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5